9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lance NEVELL, Defendant-Appellant.
 No. 93-10187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 24, 1993.*
Decided Oct. 25, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lance Leonard Nevell appeals a district court order denying his motion to dismiss the indictment against him on the grounds of double jeopardy. Nevell contends that the Double Jeopardy Clause barred his criminal prosecution for possessing heroin in prison following the prison's administrative proceedings based on the same incident. We affirm the denial of his motion to dismiss and thereby also affirm his conviction for possession of heroin.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On October 29, 1991, Nevell was incarcerated at the Federal Correctional Institution at Tuscon, Arizona, where he was awaiting sentencing after being convicted of making a false statement in acquisition of a firearm. On that date, guards in the visitation area of the prison became suspicious of his conduct and terminated his visit with his wife and infant child. Nevell was placed in a "dry" cell without water or toilet facilities, and the next morning a balloon containing 0.2 grams of heroin was recovered from a bowl movement.
 
 
 4
 As a result of this incident, Nevell was placed in solitary confinement for two months, lost visitation privileges and his "good-time" credits toward early release, and was required to serve most of his sentence in prison rather than going to a lower security prison camp for the last few months of his sentence.
 
 
 5
 On September 30, 1992, Nevell was indicted by a grand jury for possessing heroin in prison in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(1). Nevell invoked double jeopardy and moved to dismiss the indictment. The district court denied the motion, and Nevell, while reserving the right to appeal the denial of his motion to dismiss, pleaded guilty.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 The district court had jurisdiction pursuant to 28 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 7
 Our standard on review of the district court's denial of a motion to dismiss is de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 8
 Nevell relies on United States v. Halper, 490 U.S. 435 (1989), and reads it to forbid a criminal prosecution of a defendant who has been disciplined in prison for the same underlying conduct. Nevell misunderstands Halper.
 
 
 9
 Halper held "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." Id. at 448-49. The Court emphasized that this rule would apply only in the "rare case ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." Id. at 449.
 
 
 10
 Admittedly, this language is rather loose. Nonetheless, Halper bars the government from bringing a civil action against a defendant based on the conduct which already led to a criminal prosecution and penalty if the subsequent civil judgment is "not rationally related to making the Government whole." Id. at 451. In this case prison disciplinary proceedings were rationally related to the goal of "making the government whole." Prison disciplinary proceedings and punishment of inmates are internal measures that are independent from a criminal prosecution. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); United States v. Duke, 527 F.2d 386, 390 (5th Cir.1976), cert. denied, 426 U.S. 952 (1976). The central goal of prison administration is preserving internal security. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977); Pell v. Procunier, 417 U.S. 817, 823 (1974). Prison officials must be free to take appropriate action to preserve the internal order and discipline to which the government is entitled. Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 11
 Consequently, federal courts consistently have held that an inmate may be disciplined by prison authorities and subsequently convicted and sentenced by a federal court for the same acts without violating the Double Jeopardy Clause. See, e.g., United States v. Apker, 419 F.2d 388, 388 (9th Cir.1969) (per curiam) (fact that inmate after attempting to escape might have been placed in confinement by prison officials and subsequently convicted and sentenced did not constitute double jeopardy); accord United States v. Rising, 867 F.2d 1255, 1259 (10th Cir.1989) (prison administrative punishment does not render subsequent criminal proceeding violative of double jeopardy). Thus, we conclude that the district court correctly denied Nevell's motion to dismiss his indictment on double jeopardy grounds.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3